CHESTER COOPER & others *v.* CHARLES D. W. COOPER.

A devise of lands to "my grandson, Stephen Cooper (son of Stephen), my aforenamed grandson to come into possession at twenty-one years of age, and to have and to hold the abovenamed bequest to him during his natural life; and after his decease, I give the premises unto his male heirs, equally between them; and, for want of heirs male, then to go in equal shares to his daughters," vests an estate tail in Stephen, the grandson, under the rule in Shelley's case; the clause of the statute of wills in relation to the creation and continuance of estates tail, not being applicable to such a case.

To bar an estate tail, the deed of the tenant in tail, if executed and acknowledged as required by section 3, ch. 145, of the Revised Statutes, need not, as against the heirs of the tenant, be recorded in the records of the town where the land lies.

TRESPASS and ejectment, to recover possession of a lot of land, containing about thirty acres, and situated partly in the town of Gloucester, and partly in the town of Burrillville.

The suit, which was an amicable one, was submitted to the court upon the following agreed facts : — Moses Cooper, for-

merly of Gloucester, deceased, by his last will and testament, duly proved, gave the lot of land declared for to his grandson, Stephen Cooper, describing the estate of his grandson therein in these words : —

" My aforenamed grandson, Stephen, to come into possession at twenty-one years of age, and to have and to hold the above-named bequest to him during his natural life ; and after his decease, I give the premises unto his male heirs, equally between them ; and for want of heirs male, then to go in equal shares to his daughters."

The defendant derives his title under a sale on execution of Stephen Cooper's interest, and also under a warranty deed of the premises and other lands, executed by said Stephen, in his lifetime, for the nominal consideration of four thousand dollars, and acknowledged before the town clerk of Gloucester, and recorded in the land records of that town. After said deed was thus acknowledged and recorded, Stephen Cooper, on the 28th day of May, 1822, again acknowledged said deed before the court of common pleas, for the county of Providence, then in session at Providence, and again, on the 28th day of September, 1822, before the supreme judicial court, then in session for said county. The deed was recorded after these acknowledgments in court, to wit : on the 14th day of November, 1822, in the land records of the town of Burrillville, but not after being so acknowledged, in the land records of the town of Gloucester.

Stephen Cooper died some time prior to April, in the year 1853, and the plaintiffs are his three only sons, born, respectively, in 1810, 1813, and 1821.

The cause was submitted by *B. N. Lapham*, for the plaintiffs, upon the following brief, and by *S. S. Lapham*, for the defendant, without argument.

*B. N. Lapham*, for the plaintiffs.

The plaintiffs in this action claim the land described in this declaration under the will of Moses Cooper, because they claim that under said will their father, Stephen Cooper, took no more than a life-estate, and that on his decease they became entitled to the real estate given to him for life. In the construc-

tion of wills, the intention of the testator governs and controls unless inconsistent with established rules of law. Under the will it is evident that Moses Cooper intended that his grandson, Stephen Cooper, should take a life-estate, and that his children should take the remainder, the sons taking first; but if no sons, then daughters. The expression, " *male heirs*," should be construed to mean sons; the expression, " *daughters*," being used immediately after, and in the same connection. 2 Jarman on Wills, 301, 302. The question under this will is, did Stephen Cooper, Jr. take an estate for life or an estate tail? It could only be made an estate tail by the application of the rule in Shelley's case. That rule does not apply here.

1. The reason of the rule is obsolete. It is contrary to the policy of our laws, and is only applied to cases falling strictly within the letter of the rule.

2. When instead of the words " heirs of the body begotten," the words, children, issue, lawful issue, sons, are used, the rule does not apply. 1 Hilliard on Real Property, 643, 650; 6 Greenleaf's Cruise on Real Property, 290, 297, 650, and note; *Sisson* v. *Seabury*, 1 Sumner, 235, and the cases there cited, most of the authorities being examined and commented on in that case. In this class of cases the first devisee takes only a life-estate. See, also, *Manchester* v. *Durfee*, 5 R. I. Reports, 555. " Children," in a " will," is a word of purchase.

3. When the words, " heirs of the body," are used, if there are any other words used showing that by " heirs " the testator meant a class of persons or a description of persons, or children, or sons, or daughters who were to take, the first devisee takes a life-estate, and the class of persons designated take as purchasers; the word " heirs " being construed as a word of purchase, and not as a word of limitation. 1 Hilliard on Real Property, 539–650, 651 and 652; 6 Greenleaf's Cruise on Real Property, 291; 2 Jarman on Wills, ch. 38, and more particularly pp. 301 and 302; Archer's case, 1 Co. 66; Wilde's case, 6 Co. 17; *Clark* v. *Day*, Moore, 593; Cro. El. 313; Wedgward's case, 1 Rol. Ab. 837; *King* v. *Melling*, 1 Vent. 231; *Sisson* v. *Seabury*, 1 Sumner, 235. The words in this will, " male heirs, and for want of heirs male, then to go in equal

shares to his daughter," bring the case within the operation of the 2d section of the Rev. Stats., ch. 154, the same being in force when the will was made and admitted to probate; Statutes of 1798, p. 279; the words used being the same in meaning as the words "children or issue." The remainder in the estate had vested in the sons of Stephen Cooper, Jr. before the same was attached, and before he made any deed of the same, one son having been born in 1810, one in 1815, and the other in February, 1821, and the attachment having been made in November 15, 1821, and the deed having been executed some time after. If we allow that Stephen Cooper, Jr. took an estate tail, ought not the deed, with the acknowledgments before the court of common pleas and the supreme court, to have been recorded in the town clerk's office of the town of Gloucester, in order to bar the entail of the land in that town?

BOSWORTH, J. This case depends upon the construction of a devise in the will of Moses Cooper. The devise is to "my grandson, Stephen Cooper (son of Stephen), my aforenamed grandson to come into possession at twenty-one years of age, and to have and to hold the abovenamed bequest to him during his natural life; and after his decease, I give the premises unto his male heirs, equally between them; and, for want of heirs male, then to go in equal shares to his daughters."

By the established rules of construction, the words "*male heirs*," in this devise, are words of limitation; and enlarge the estate devised to Stephen Cooper to an estate tail. This is established by the rule in Shelley's case. The case of *Manchester & wife* v. *Durfee*, 5 R. I. Rep. 549, recognizes this as an inflexible rule of law; and further decides, that our statute of wills, in its relation to the creation and continuance of estates tail, (Rev. Stats. ch. 154,) is not applicable to a case like this, to alter the rule of the common law.

The estate of Stephen Cooper then being an estate tail, was an estate which might, under our statute, (Revised Statutes, ch. 145, § 3,) by a deed duly executed by the person seised in fee-tail, under his hand and seal, and acknowledged before the supreme court or any court of common pleas in this state,

be conveyed in fee-simple; and the statute declares, that such conveyance shall vest an estate in fee-simple in the grantee, his heirs and assigns, and shall bar the tenant in tail, his heirs and assigns, and all others who may claim the same in remainder or reversion, expectant upon the determination of such estate-tail. It is agreed that such a deed was executed by Stephen Cooper, embracing the land mentioned in the plaintiffs' declaration; and that the defendant, by several mesne conveyances, derives his title from the grantee mentioned in this deed. We are of opinion that this deed vested the title in the grantee in fee-simple, and the defendant taking that title, now has the estate.

The agreement of the parties further shows, that the deed of Stephen Cooper, before referred to, was first executed in the ordinary form before a magistrate, and recorded in the land records of the town of Gloucester, where a part of the premises was situated; and that subsequently it was acknowledged before the court of common pleas and supreme court, and recorded in Burrillville, where another part of the premises was situated, but not again in Gloucester. Would this defeat the operation of the deed, as a bar of the entail of the land in Gloucester? To this it may be answered that the statute, — Rev. Stats. ch. 145, sec. 3, — which provides the mode of barring the entail, does not require a record in the town clerk's office; but provides that a deed, executed and acknowledged in manner therein provided, shall bar the tenant in tail, his heirs and assigns, and all others who may claim the same in remainder or reversion, &c. The general statute regulating conveyances of real estate provides, that all conveyances, &c. of lands shall be void unless acknowledged and recorded, as aforesaid, *i. e.* in the office of the town clerk of the town where the lands or tenements lie; but provides, that between the parties and their heirs such conveyance shall nevertheless be binding. These plaintiffs are heirs of Stephen Cooper, and between them and the defendants the conveyance without record passed the estate.

*Judgment for the defendant.*